■ In the Matter of NORTH FORK MANAGEMENT & MAINTENANCE, LLC, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR, Respondent. [8 NYS3d 338]—

Proceeding pursuant to CPLR article 78 to review an amended determination of the New York State Department of Labor, dated March 9, 2012, which adopted findings of fact and conclusions of law of a hearing officer dated November 7, 2011, which, after a hearing, found that the petitioner failed to conduct an asbestos survey and failed to undertake asbestos removal by a licensed asbestos contractor, and assessed a civil penalty in the amount of $26,000.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner's real property, located at 102 Main Street in Smithtown, comprised seven structures. The petitioner began demolition in August 2008, and, by March 2009, six of the seven structures on the property were partially demolished. Thereafter, in response to an anonymous complaint, the respondent conducted asbestos testing on the demolition debris. Three of the samples tested positive for asbestos. As a result, seven notices of violation were issued to the petitioner, one notice for each structure. Each of the notices of violation charged the petitioner with failure to conduct an asbestos survey, in violation of certain Labor Law provisions and certain regulations. Further, six of the seven notices of violation charged the petitioner with failure to have the asbestos removed by a licensed asbestos contractor prior to the demolition work, also in violation of certain provisions of the Labor Law and regulations. At the conclusion of a hearing on these charges, a hearing officer determined that the petitioner was guilty of the

charges and recommended the imposition of a civil penalty of $2,000 for each violation, for a total civil penalty of $26,000. In an amended determination dated March 9, 2012, the respondent adopted the hearing officer's findings of fact and conclusions of law. Thereafter, the petitioner commenced this CPLR article 78 proceeding to review the determination.

The petitioner contends that the respondent's determination that it failed to conduct an asbestos survey was not supported by substantial evidence. We disagree. An asbestos survey must be completed by a licensed asbestos contractor "using" individuals who possess valid inspector certificates (12 NYCRR 56-5.1 [a]; see 12 NYCRR 56-3.2 [d] [4]). If the asbestos survey indicates that the building or structure contains asbestos, the removal must be performed by a licensed asbestos abatement contractor (see 12 NYCRR 56-5.1 [h]). Here, the evidence showed that the asbestos survey completed by CL Environmental Services, Inc., was not completed by a licensed asbestos contractor. Thus, the survey did not meet the requirements of the Labor Law and related regulations. With respect to the asbestos survey completed by JC Broderick & Associates, there was no showing that the survey was prepared for the subject site. Further, there was no showing that the JC Broderick & Associates survey was ever submitted to the Town of Smithtown Building Department or the Asbestos Control Bureau of the New York State Department of Labor, as required by 12 NYCRR 56-5.1 (g).

The petitioner's contention that it did was not obligated to hire a licensed asbestos contractor because two asbestos surveys indicated that there was no asbestos on the subject site is without merit. Because the petitioner did not follow the procedure mandated by 12 NYCRR 56-5.1 (a) for obtaining an asbestos survey, it cannot rely on the contents of those asbestos surveys.

Finally, the respondent's method of calculating the civil penalties was not arbitrary and capricious (see Matter of North Fork Mgt. & Maintenance, LLC v New York State Dept. of Labor, 98 AD3d 514 [2012]). Rivera, J.P., Miller, Hinds-Radix and Duffy, JJ., concur.